# United States District Court
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:02cr43 |
| | § | (Judge Davis/Judge Bush) |
| LEIGH SKWAREK | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of the Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 4, 2007, to determine whether the Defendant violated her supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Terri Hagan.

On October 15, 2002, the Defendant was sentenced by the Honorable District Judge Leonard Davis to twelve months followed by a five year term of supervised release for the offense of Theft, Embezzlement of Misapplication by a Bank Officer or Employee. On August 15, 2003, the Defendant completed her period of imprisonment and began service of her supervised term.

Thereafter, on December 7, 2006, the United States Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring

compliance with the restitution order; (3) Defendant shall pay restitution in the amount of $111,122.95; and (4) Under the guidance and direction of the United States Probation Office, the Defendant shall participate in any combination of psychiatric, psychological or mental health treatment as deemed appropriate by the treatment provider.

The petition alleges that the Defendant committed the following acts: (1) Defendant failed to report to the United States Probation Office as directed on September 15, October 3, 23, and 30, 2006; (2) Defendant failed to submit written monthly reports by the fifth of the month for the months of June, July, September, and October 2006; (3) Defendant failed to submit a Personal Financial Statement as directed with supportive documentation on August 22, 2006; (4) Defendant failed to make restitution payments for the months of October, November, December 2005, January, February, March, April, May, June, July, August, and October 2006; and (5) Defendant failed to attend mental health counseling with J. Lee Jagers, Ph.D., LCDC, as directed on February 9 and 16, July 13, August 17 and 24, 2006.

Prior to the Government putting on its case, the Defendant entered a plea of true to violations related to the failure to report. The Defendant entered a plea of not true to violations related to the failure to pay restitution because of financial inability. After so pleading, the Government then presented the testimony of Probation Officer Linda Werner. To avoid cumulative testimony, the Defendant did not offer additional testimony at the current hearing. Instead, Defendant requested the Court take judicial

notice of the prior testimony of Defendant's father, co-worker, and a letter from her employer given at the preliminary revocation hearing.

Linda Werner testified that she is Defendant's Probation Officer. Officer Werner testified that Defendant obtained gainful employment in February 2006, but has only made one ten dollar payment toward her restitution obligation since that time and has failed to provide requested financial information. After obtaining the appropriate financial documentation, Officer Werner determined that Defendant's average monthly income is approximately $1900 and her monthly liabilities are approximately $1800, leaving a positive cash flow for the payment of restitution.

On cross-examination, Officer Werner stated that certain expenses, such as car maintenance and clothing, were not authorized monthly expenditures submitted by Defendant. Further, Mr. Arrambide asked Officer Werner about the extra expense required in maintaining an older vehicle to which Officer Werner said she did not have specific knowledge but was not provided with documentation of such expenses. Finally, Mr. Arrambide discussed the Defendant's wages earned with On the Border Mexican Grill. Officer Werner acknowledged Defendant's income was lower when she first began working. However, she also testified Defendant's income had increased overtime with her participation in the restaurant's 'key employee program' and that Defendant's average monthly income still provided for a positive cash flow. The Government put on no additional witnesses and informed the Court that Defendant had agreed to the garnishment of her wages.

Based on the testimony, the Court finds that the Defendant violated the stated conditions of her supervised release.

### RECOMMENDATION

This Court finds that the Defendant violated the conditions of her supervised release. The Court recommends that the District Court, pursuant to Defendant's consent to garnishment, MODIFY Defendant's supervised release.  The Court recommends that $150 shall be drafted each month from Defendant's paychecks. Unemployment is no excuse for nonpayment.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of January, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE